## McGEE v. McGEE.

### Opinion delivered April 9, 1904.

DIVORCE—INDIGNITIES TO THE PERSON.—Evidence that a wife was disagreeable to and abusive of her husband, that she continually bemeaned him and applied opprobious epithets to him, that, although a stout, healthy woman, she refused to cook for him or do any of the housework, but would eat heartily of the meals he cooked, and then abuse him about the way they were cooked, that she was subject to violent fits of temper, that she made unfounded charges against him, and that this course of conduct was kept up until his condition became intolerable, was sufficient to show that he was entitled to a divorce.

Appeal from Marion Chancery Court.

ELBRIDGE G. MITCHELL, Judge.

Suit by C. R. McGee against his wife, Sarah McGee. Decree for defendant, from which plaintiff appeals. Reversed.

*S. W. Woods,* for appellant.

The evidence showed such facts as to warrant a decree for divorce. Sand. & H. Dig. § 2505; 9 Ark. 516; 33 Ark. 156; 34 Ark. 43; 38 Ark. 119; 44 Ark. 429.

Hughes, J. The appellant sued the appellee for divorce, and, after the evidence was introduced, the court dismissed the complaint for the want of equity. The plaintiff appealed to this court.

The evidence in the case shows a lawful marriage of the parties, proper length of residence, etc. It also shows that for some years after the marriage the parties lived together peaceably and agreeably as man and wife, and that there were four children living at the time they separated. The evidence is that on the 11th of March, 1899, the defendant became so disagreeable to and abusive of the appellee that he could stand it no longer, when he left the defendant. She terribly bemeaned the appellant, and applied to him various abusive and opprobrious epithets, refused to cook for him or to do any of the housework, and did not in any way try to get along. She would get into violent fits of anger, and call the appellant by various and abusive names, and apply to him other vile epithets, and for two or three days at a time would not speak to appellant, and kept up this course of treatment continuously. The evidence is that the appellee was a stout, healthy woman, that she would not cook for his family, and and that the appellant had to cook for himself and family, and wash for himself and them, and that when he would cook a meal the appellee would eat heartily of it, and abuse him about the way it was cooked. This course was continued by the appellee until the appellant's condition became intolerable, in consequence of which he left the appellee. She abused the appellant, and accused him of being too intimate with other women, and accused him of being too intimate with his little girl 11 years old. He left her in March, 1900, and has not lived with her since. There were several witnesses who gave evidence to these facts.

The court is of the opinion that the evidence in the case shows that the wife was guilty of persistent abuse and contempt of the husband that was sufficient to render his condition intolerable, without any apparent cause, and that the evidence presented is sufficient to show that he was entitled to a divorce. The wife made no defense, and introduced no evidence. The judgment is

reversed, and the cause remanded, with directions to enter a decree for appellant allowing him a divorce, with such order for the custody and care of the children as to the court may seem proper.